

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Department of Agriculture
Austin, Texas

Gentlemen:

Attention: W. B. Bussey
Opinion No. O-3112
Re: Necessity of weights and
measures inspectors execut-
ing waivers in the course
of the performance of their
duties.

This will acknowledge receipt of your letter of
June 26, 1941, requesting the opinion of this department re-
garding the necessity of weights and measures inspectors
executing upon request a waiver of the following tenor:

"In consideration of permitting me to come
into the plant and properties of the Company,
I do hereby waive any claim for damage or
loss to my person or property that may arise
out of any injury caused through any act of
the Company, its officers or employees. As
such licensee, I undertake to assume the risk
of all dangerous conditions in and about said
plant and premises and waive notice of the
existence of any such condition, at any place
or at any time.

"And in further consideration of such
license, I hereby release the Company from
any claim which I may have, of any nature
whatsoever on account of any damage of my
person or property, which I may receive
through any injury while I am on the premises
of the Company or while exercising this
license.".

as a prerequisite to securing permission to enter premises
in the performance of their duties under Article 5724,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

486

Department of Agriculture, Page 2

5725 and 5726 of the Revised Civil Statutes of 1925. These
Articles read as follows:

"Art. 5724.

"Every person, firm or corporation, or
association of persons, using or keeping for
use, or having or offering for sale, weights,
scales, beams or measures of any kind, instru-
ments or mechanical devices for weighing or
measuring, and tools, appliances and accessories
connected with any or all of such instruments
or measurements within this State, shall cause
the same to be sealed and marked by the sealer
of weights and measures as to their correct-
ness, and no instrument shall be sold for
the purpose of weighing or measuring unless
it shall bear the seal of the inspector of
weights and measures as to its correctness.

"Art. 5725.

"When any weight, scale, beam, measure of
any kind, instrument or mechanical device for
weighing or measuring; also all tools and appli-
ances necessary or connected with any such instru-
ments of measure have been tested and found cor-
rect by any sealer appointed under the provisions
of this chapter, the same may be used, kept for
use, offered for sale, sold or kept for sale
anywhere within this State for one year without
being further tested. Any weight, scale, beam,
measures of every kind, instruments or mechanical
devices for weighing or measuring, or appliances
and accessories connected with any or all of
such instruments or measure, which have been
tested and sealed and certified as correct by
the National Bureau of Standards may be kept
for sale, sold or offered for sale without
being tested and sealed by a sealer under the
provisions of this chapter, but all such
weights, scales, beams, measures of any kind,
instruments or mechanical devices for weighing
or measuring; also all tools and appliances
necessary connected with any or all of such
instruments or measures shall always be
subject to inspection and testing as herein

provided, notwithstanding that the same have
been tested and sealed, either by a sealer ap-
pointed under the provisions of this chapter,
or by the National Bureau of Standards. Any
scale, beam or mechanical device for weighing
or measuring, which, after being sold, and be-
fore being used for weighing and measuring, is
found necessary to assemble and set up, may be
sold, kept for sale or offered for sale without
first being tested and sealed, but such scale, beam
or measuring device for weighing or measuring, be-
fore being used for weighing or measuring, with-
out the consent of the Commissioner, must be test-
ed and sealed as provided in this chapter.

"Art. 5726.

"All sealers, deputy sealers, inspectors,
and local sealers shall inspect, try and test
all weights, scales, beams, measures of any kind,
instruments or mechanical devices for weighing or
measuring and all tools, appliances and accesories
connected with any or all such instruments or
measures kept for the purpose of sale, sold or
used by any proprietor, agent, lessee or employee
in proving the size quantity, extent, area, weight
or measurement of quantities, things, produce,
articles for distribution or consumption, pur-
chased or offered or submitted by such person or
persons for sale, hire, or award, and ascertain
if the same are correct, and he shall have the
power to and shall from time to time weigh or
measure packages or amounts of commodities of
whatsoever kind kept for the purpose of sale,
offered for sale or sold, or in the process of
delivery, in order to determine whether the same
contains the quantity or amount represented and
whether they are being offered for sale or sold
in accordance with law and may seize for use as
evidence such amounts of commodities or packages
which shall be found to contain a less amount than
that represented. He shall at least once each year,
or as much oftener as may be found necessary, and
directed by the Commissioner, see that the weights,
measures and all weighing and measuring apparatus,
used in any locality to which he is assigned for
the purpose of inspection, are correct. All local

Department of Agriculture, Page 4

sealers of weights and measures shall test at
least once each year all scales, weights and mea-
sures of every kind and device within any such
city to which they are appointed, and oftener,
if required so to do. Any sealer, or deputy sealer,
or inspector for the purposes above mentioned, and
in the general performance of his duty may, without
warrant, enter, go into or upon any stand, place,
building or premises, or stop any vendor, peddler,
junk dealer, driver of a coal wagon, ice wagon or
delivery wagon or the driver of any wagon containing
commodities for sale or delivery, and if necessary
require him to proceed to some place which the sealer
may specify for the purpose of making the proper
tests." (Underscoring ours)

Your questions are;

"First, we would like to inquire if it is
necessary for a Weights and Measures Inspector
to sign such a waiver before entering a company's
property for the purpose of performing his offi-
cial duties.

"Second, we would appreciate your advising
just what effect the signing of such a waiver by
a Weights and Measures Inspector would have in the
case of an accident, for which the company was
solely responsible."

Replying to your first question, you will note that
under Article 5726 any inspector may, in the performance of
his duties, without warrant, enter, go into or upon any
stand, building or premises.

It is our opinion and you are advised that under
Article 5726 a weights and measures inspector engaged in the
performance of his statutory duties may enter premises and
that he may do so without first executing a waiver.

The rule is stated in the Restatement of the Law of
Torts (Section 211, Chapter 8, Volume I, page 529) as follows;

"A duty or authority imposed or created by
legislative enactment carries with it the privi-
lege to enter land in the possession of another

Department of Agriculture, Page 5

for the purpose of performing or exercising such duty or authority in so far as the entry is reasonably necessary to such performance or exercise, if, but only if all the requirements of the enactment are fulfilled."

We pass to your second question. While we have held that it will not be necessary for your weights and measures inspectors to execute waivers, should such waivers of the type you have handed us be executed, it is our opinion that they will be entirely without force and effect.

The only possible consideration offered by the company for the inspectors' promise to forbear the prosecution of any claim against the company, is the company's permission of entry into the plant. This permission the company was already bound by statutory duty to give. Article 5726. It has long been the law that the promise or performance of a promise of a duty imposed by law is not sufficient consideration. See Volume I, Williston on Contracts, page 462. Such agreement, waiver, or release, executed without consideration is entirely without effect.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED JUL 23, 1941

*Grover Sellers*

FIRST ASSISTANT
ATTORNEY GENERAL

JDS:eaw

By *Jas. D. Smullen*

Jas. D. Smullen
Assistant

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN